

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-81,237-02 AND WR-81,237-03

**EX PARTE ROBERT SHAYNE KINSLOW, Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. CR01648-HC-2 AND CR01649-HC-2 IN THE 6TH DISTRICT COURT FROM RED RIVER COUNTY

*Per curiam. Alcala, J., filed a concurring opinion.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two offenses of indecency with a child and sentenced to twenty years' imprisonment in each case, with the sentences cumulated to forty years.

Applicant was initially placed on deferred adjudication community supervision. He alleges trial counsel misled him to believe that, if the deferred probations were revoked, he would face a maximum of twenty years in prison, but in reality, the sentences could be and were cumulated upon revocation to forty years. He therefore alleges that his guilty pleas were not voluntary. Applicant also

contends that the trial judge's sentences were predetermined, and counsel failed to object to this, based on comments the trial judge had previously made and based on the fact that the trial judge did not conduct a sentencing hearing after revocation, but instead, imposed the maximum sentences and then cumulated them. Applicant also raises an illegal sentence claim and a double jeopardy claim that lack merit.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his pleas were involuntary and his claim that the trial judge had predetermined the sentences upon revocation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.


Filed: October 5, 2016
Do not publish